IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**DEBBIE BETTERTON**, Individually,
and as surviving spouse and on behalf
of all of the next of kin and the wrongful
death beneficiaries of DAVID LEE
BETTERTON, Deceased,                                                    PLAINTIFF,

VS.                                               CIVIL ACTION NO. 2:02CV318-P-A

**TODD DWAYNE EDWARDS, M.D.,**                                          DEFENDANT.

### ORDER

These matters come before the court upon Plaintiff's omnibus Motion in Limine [140-1] in which the plaintiff makes a total of ten motions in limine. After due consideration of the motions and the defendant's responses thereto, the court finds as follows, to-wit:

1. Proof of Seatbelt Use and Airbag

    Denied.

2. Brett Betterton's Traffic Violations or Arrests

    Granted pursuant to Federal Rules of Evidence 402 and 608. Evidence of Brett Betterton's traffic violations or arrests are excluded unless such evidence complies with Rules 608 and 609.

3. Whether Plaintiff Has Dated Since David Betterton's Death

    Denied. Evidence of remarriage is relevant to the Plaintiff's damages for loss of society and companionship pursuant to *Universal Electric Co. v. United States Fidelity & Guaranty Co.*, 792 F.2d 1310, 1313 (5th Cir. 1986).

4. Plaintiff's Prior Pleadings and Nonsuits of Prior Defendants

    Denied pursuant to *Estate of Hunter v. General Motors Corp.*, 729 So.2d 1264, 1273 (Miss. 1999) (holding that jury could consider fault of settling defendant in apportioning fault under

comparative negligence principle).

5. Reference to Court's Order Granting Summary Judgment to Defendant Manufacturer Guidant

Granted due to no objection.

6. Prior Pleadings and Court's Order Dismissing Defendant Dr. Wolf

Denied pursuant to *Smith v. Payne*, 839 So.2d 482, 486-87 (Miss. 2003) (citing to *Estate of Hunter v. General Motors Corp.*, 729 So.2d 1264, 1273 (Miss. 1999)).

7. Referring to Affect Verdict Would Have on Dr. Evans' Practice

Granted due to no objection.

8. Reference to Pretrial Motions Including Motions in Limine

Granted due to no objection.

9. Testimony by Susan E. Wellman, Ph.D.

Denied. The plaintiffs have not overcome the defendant's demonstration that Dr. Wellman's opinion regarding the half-life of Corzide satisfies the requirements set forth by Fed. R. Evid. 702 and authorities interpreting same. As long as Dr. Wellman's testimony meets Rule 702 standards, she may testify to any opinion that was submitted in her expert report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

10. Depositions of Investigating Officer or Other Driver Regarding Injuries or Amount of Property Damage

Granted insofar as the police officer or other driver may not opine as to Betterton's injuries since that falls within the realm of expert testimony. Lay witnesses, even though not experts, may testify regarding opinions or inferences rationally based on the perception of the witness and helpful to a clear understanding of the witnesses' testimony or the determination of a fact in issue as long as the opinion or inference is not based on scientific, technical, or other specialized knowledge

within the scope of Rule 702. Fed. R. Evid. 701.

Denied insofar as the defendant may use lay witness testimony regarding perceptions of property damage as long as such perceptions are not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

11. Testimony from Lay Witnesses Regarding Pleadings in this Case or Opinions on Negligence

Denied insofar as the defendant may question witnesses regarding prior defendants in this case.

Granted insofar as the lay witnesses may not opine on issues of the standard of care or causation.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's omnibus Motion in Limine [140-1] is **GRANTED IN PART AND DENIED IN PART** as explained above.

**SO ORDERED** this the 22nd day of August, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE