# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**DEBBIE BETTERTON**, Individually,
and as surviving spouse and on behalf
of all of the next of kin and the wrongful
death beneficiaries of DAVID LEE
BETTERTON, Deceased,                                                        PLAINTIFF,

VS.                                                    CIVIL ACTION NO. 2:02CV318-P-A

TODD DWAYNE EDWARDS, M.D.,                                                  DEFENDANT.

## ORDER

These matters come before the court upon Defendant's Motions in Limine [141-1, 143-1, 144-1, 145-1, 147-1, 149-1, 151-1] and Defendant's Motion to Present Proof of Other Potential Tortfeasors [155-1]. After due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

1. Motion in Limine To Preclude Evidence of Subsequent Remedial Measures [141-1]

The motion is granted insofar as the plaintiff attempts to admit evidence excluded by Fed. R. Evid. 407. However, whether or not evidence of subsequent remedial measures is admissible because offered for another purpose permitted by Rule 407 depends upon events at trial.

2. Motion in Limine to Preclude Plaintiff or Family Members from Testifying Regarding Standards of Care or Causation Issues [143-1]

Granted. Such evidence is inadmissible under Rules 401, 402, and 701.

1

3. Motion in Limine to Preclude Evidence That Member of Hospital Staff Stated that Patients Tend to Be "Nothing But Wrecks When He is On Duty" [144-1]

Granted. The plaintiff concedes that hospital personnel, not employed by the defendant, and not acting as his agents, are not acting in concert with him and any statements made by those persons would be inadmissible hearsay.

4. Motion in Limine to Preclude Proof of Certain Damages [145-1]

The defendant seeks exclusion of damages for lost wages, bodily injury and permanent disability, fright, shock, emotional distress, aggravating pre-existing conditions, pain and suffering, loss of enjoyment of life, and medical expenses.

The wrongful death statute, Miss. Code Ann. § 11-7-13 provides in pertinent part that "parties suing shall recover such damage allowable by law as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit."

The Mississippi Supreme Court in *McGowan v. Estate of Wright*, 524 So.2d 308, 311 (Miss. 1998) held that § 11-7-13 "has been held to include (1) the present net cash value of the life expectancy of the deceased, (2) the loss of the companionship and society of the decedent, (3) the pain and suffering of the decedent between the time and injury and death, and (4) punitive damages." This court, however, does not interpret this passage in *McGowan* as an exclusive list of damages available under § 11-7-13. Indeed, the plain language of the statute provides for "all damages of every kind."

With this understanding in mind, the court proceeds to the defendant's specific arguments.

a. Lost Future Wages

Lost future wages would, in theory, be covered by "all damages of every kind" for a wrongful death action. However, the defendant is correct that the plaintiff has no expert to calculate future wages. With regard to wages, Mississippi Model Jury Instruction § 11:23, Wrongful Death – Elements, calls for the jury to be instructed to consider:

> 1. The amount which the decedent would have earned from the date of his death up to the date of this trial, but for his death;
> 2. The present net cash value of the decedent's work life expectancy from the date of trail ....

Having considered the arguments of the parties, the court concludes that the plaintiff does not need an expert to allow the jury to calculate lost wages from death to the date of trial. However, to calculate the "net cash value of the decedent's work life expectancy from the date of trial" is beyond the ken of the layman and requires expert testimony. Fed. R. Evid. 701(c), 702.

b. Bodily Injury, Permanent Disability, Fright, Shock, Emotional Distress, and

Aggravation of Pre-existing Conditions

Though damages for "fright" and "shock" would logically be included under the rubric of "all damages of every kind," such specific damages are not recognized in Mississippi. Therefore, the court agrees that specific reference to such damages should be excluded.

c. Pain and Suffering

The Mississippi Supreme Court in *M&M Pipe and Pressure Vessel Fabricators, Inc. v. Roberts* held that "[t]he plaintiff has the burden of proving survival and consciousness after the accident ... and this burden is not sustained unless there is 'substantial proof' of consciousness after the impact." 531 So.2d 615, 621 (Miss. 1988). As such, the motion to exclude evidence of pain and

suffering because the plaintiff has stated her opinion that her husband did not suffer and there is no proof that the decedent did in fact suffer should be granted insofar as no such proof of consciousness after the incident is offered. In the event there is such "substantial proof," the court will allow damages for pain and suffering.

d. Medical Expenses

Although medical expenses is included in § 11-7-13's "all damages of every kind" standard, the plaintiff did not respond to the defendant's charge that she has produced no evidence of the medical expenses associated with Dr. Evan's alleged negligence. The defendant's motion in limine is granted insofar as damages for medical expenses are unavailable if the plaintiff did not offer proof of these damages during discovery.

e. Hedonic Damages

As stated above, this court is certain that the types of wrongful death damages stated in *McGowan* were nonexclusive in nature, especially given the wrongful-death statute upon which *McGowan* is based allows "all damages of every kind." Therefore, hedonic damages are available in this case. Mississippi Code Ann. § 11-1-69, prohibiting hedonic damages in wrongful death actions, was not effective until after the instant case was filed.

f. Loss of Society and Companionship

The defendant's motion to exclude evidence of the loss of society and companionship because the plaintiff has no expert to testify as to the life expectancy of Mr. Betterton should be denied. No expert is needed to evaluate life expectancy tables. Such tables are a matter of judicial notice pursuant to Fed. R. Evid. 201.

### g. Funeral Expenses

The defendant's motion to disallow damages for funeral expenses should be granted insofar as the plaintiff provided no evidence of same in discovery.

### 5. Motion in Limine to Preclude Proof of Res Ipsa Loquitur and Breach of Contract [147-1]

The defendant moves to preclude the plaintiff from introducing any evidence in support of her claims for res ipsa loquitur and breach of contract. This relief would be more properly requested in a motion for summary judgment pursuant to Fed. R. Civ. P. 56. In any event, the court finds that this motion in limine should be denied as premature.

### 6. Motion in Limine to Exclude Evidence of Other Claims, Incidents, or Lawsuits [149-1]

The defendant anticipates that the plaintiff will seek to introduce evidence of prior incidents, claims, or lawsuits involving the defendant. The plaintiff concedes that such evidence is irrelevant. The court therefore excludes such evidence.

### 7. Motion in Limine to Preclude Proof of Insurance Coverage [151-1]

The plaintiff concedes that evidence of Dr. Evans' insurance coverage is inadmissible. Therefore, the court excludes such evidence pursuant to Rule 401, 402, 403, and 411.

### 8. Motion to Present Proof of Other Potential Tortfeasors [155-1]

In this motion, the defendant states that he intends to present proof of fault on the part of the previously named treating physician defendants, mentioning that the plaintiff's experts have expressly opined that all of the treating physicians deviated from the standard of care.

The plaintiff argues that the defendant has not offered any of his own expert testimony regarding whether the other treating physicians deviated from the standard of care.

The court reserves ruling on this issue pending oral arguments at trial.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, subject to the conditions discussed above:

(1) Defendant's Motion in Limine To Preclude Evidence of Subsequent Remedial Measures [141-1] is **GRANTED**;

(2) Defendant's Motion in Limine to Preclude Plaintiff or Family Members from Testifying Regarding Standards of Care or Causation Issues [143-1] is **GRANTED**;

(3) Motion in Limine to Preclude Evidence That Member of Hospital Staff Stated that Patients Tend to Be "Nothing But Wrecks When He is On Duty" [144-1] is **GRANTED**;

(4) Motion in Limine to Preclude Proof of Certain Damages [145-1] is **GRANTED IN PART AND DENIED IN PART** as explained above;

(5) Motion in Limine to Preclude Proof of Res Ipsa Loquitur and Breach of Contract [147-1] is **DENIED**;

(6) Motion in Limine to Exclude Evidence of Other Claims, Incidents, or Lawsuits [149-1] is **GRANTED**;

(7) Motion in Limine to Preclude Proof of Insurance Coverage [151-1] is **GRANTED**; and

(8) Motion to Present Proof of Other Potential Tortfeasors [155-1] is **DENIED** as explained above.

**SO ORDERED** this the 24th day of August, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE